Valentine *et al. v.* Duff *et al.*

No. 719.

VALENTINE ET AL. *v.* DUFF ET AL.

CONVERSION.—*Parties to.—Demand.— Waiver.*—A. was a tenant of land belonging to B.  A., as such tenant, set off to B. his share of the wheat raised on the land.  B. and C. both claimed to be the owners of the wheat, and to settle the question of such ownership, B., in January, 1891, recovered a judgment in replevin against C. and A. for the recovery of the wheat, or the value thereof from A. Pending such suit, A., the agent of C., hauled the wheat and stored it in the barn of D.; and E., as an employe of C., hauled the wheat from D.'s barn to the elevator of F., and sold it to G., as the agent of F.   B. brought suit against A., C., D., E., F. and G. to recover the value of the wheat alleged to have been converted to their use.

*Held*, that D., E. and G. were in nowise parties to the conversion.

*Held*, also, that as a demand was not made of F. for the wheat, the fact that he purchased the wheat and took possession of it does not make him liable, unless it be shown that he had converted it to his own use, and could not have delivered it, even though a demand had been made.

*Held*, also, that the insistence of appellants in their brief, that they were entitled to a judgment against all of the defendants, if they were entitled to any judgment, amounted to a waiver of a consideration of the right they might have against any one or more of the defendants.

Dissenting opinion by GAVIN, J.

Opinion on petition for rehearing by ROSS, J.

From the Starke Circuit Court.

*H. R. Robbins,* for appellants.

*G. W. Beeman,* for appellees.

ROSS, J.—The appellants brought this action to recover the value of personal property alleged to have been converted by appellees to their own use.

Trial by the court, and, by request, the court made a special finding of the facts with conclusions of law thereon.

Three errors are assigned in this court, but in present-

ing his argument, counsel for appellants says they "amount to really but one, though differently stated." The only error discussed is "that the court erred in his conclusion of law."

Counsel for the appellants insists that the complaint is a joint one against all of the defendants, and that if they were not entitled to recover against all of the defendants, they could not recover at all. While we do not concur in this view of the appellants' rights under the complaint, we will accept his theory for the purposes of this case.

This action was commenced in April, 1891. The court finds as a fact that the wheat alleged to have been converted by the defendants to their own use was raised by the defendant Walle, on lands belonging to the plaintiffs, he being their tenant, and was the share of the wheat assigned and set off to them by said Walle as such tenant; that the plaintiffs and one Stryker both claimed to be the owners of the wheat, and, to settle the question of such ownership, the plaintiffs, in January, 1891, recovered a judgment in replevin against said Stryker and Walle "for the recovery of the wheat, or in lieu thereof a judgment against Walle for the value of the wheat;" that pending the replevin suit, Walle, the agent of Stryker, hauled the wheat and stored it in the barn of the defendant Fulmer; that the defendant Schall, "as an employe of the said Stryker," hauled the wheat from Fulmer's barn to the elevator of the defendant Caffyn, and sold it to the defendant Duff, as the agent of Caffyn.

The court finds that the defendant Fulmer received no part of the consideration for the wheat, and had no knowledge of the controversy between the plaintiffs and Stryker and Walle. The fact that the wheat was stored by Walle in Fulmer's barn does not show a conversion by Fulmer. The truth is, Fulmer, as found by the

Valentine *et al. v.* Duff *et al.*

court, had nothing to do with either the taking or sale of the wheat.   From the finding, it is not shown that either of the defendants  Schall or Duff  were  in  any manner parties to the conversion.

As to whether or not, upon the facts found, the appellants were entitled to recover from part of  the appellees, we need not consider, for the reason that the  insistence of counsel  is that if  appellants were  not entitled  to a judgment against all of  the appellees, they were entitled to no judgment at all.

The contention, therefore, of appellants, that they were entitled  to  judgment  against the  appellees Fulmer, Schall and Duff we can not concur in.

No other objection having been pointed out, the judgment will be affirmed.

Judgment affirmed.

Filed March 1, 1893.

### DISSENTING OPINION.

GAVIN, J.—I am compelled to believe that, considering all of appellants' brief, he should not be held to have waived  the  determination  of  the question of whether a case is made against some  one  of  the  appellees who recovered below, even if not against all, and that this question should therefore be examined and decided.

Filed March 1, 1893.

### ON PETITION FOR A REHEARING.

ROSS, J.—The appellants seek a rehearing and ask to withdraw a part of their original brief, insisting that the court is in error in its views of their contention.

Whether or not we have placed the wrong construction upon the argument of counsel need  not  be  decided, as the original opinion states the law so far as applicable to the rights of the appellees, Fulmer, Schall and Duff, in

this case are concerned. The only question to be considered now is, do the facts found by the court entitle the appellants to a judgment against the appellee, Caffyn? We think not. The complaint alleges a wrongful taking of the property by the appellee, Walle, and a sale thereof to the appellee, Caffyn, but the facts found do not show a demand upon Caffyn for the wheat, or his refusal to deliver up the same. The mere fact that he purchased the wheat and took possession thereof does not create a liability, unless he afterwards failed or refused to deliver it up on demand, or it was shown that he had converted it to his own use, so that he could not have delivered it, even though a demand had been made.

The facts in this case fall short of showing a conversion by the appellee, Caffyn.

Petition overruled.

Filed June 8, 1893.